POWERS v. DAILY.

LANDLORD AND TENANT—ACTION FOR RENT—RECOUPMENT—INJURY TO BUSINESS.

A lessee who has sold the business which he conducted upon the leased premises, under a contract providing that a certain portion of the profits should be paid to him to apply upon the purchase price, has no such interest in the business

as to entitle him, in an action for rent, to recoup damages
for an injury which the business is alleged to have sustained
during the period of his vendee's occupancy by the action of
the lessor in closing an alley which afforded access to the
premises

Error to Kent; Grove, J. Submitted June 5, 1895.
Decided July 2, 1895.

*Assumpsit* by William T. Powers against Fred J. Daily
for rent. From a judgment for plaintiff, defendant
brings error. Affirmed.

*McKnight & McKnight* (*James T. McAllister*, of counsel),
for appellant.

*C. H. Gleason* (*Arthur Lowell*, of counsel), for appellee.

GRANT, J. For several years prior to April, 1892, the
defendant had leased of the plaintiff certain rooms in the
Opera-House building in Grand Rapids, in which he kept
a saloon and restaurant. On May 5, 1891, defendant sold
out all his stock and fixtures and business to a firm by the
name of Hennessey & Waters, for the sum of $3,500.
One-half was paid in cash, and a chattel mortgage was
executed upon the stock and fixtures to secure the bal-
ance. By the terms of this mortgage $150 was to be paid
July 1, 1891, and the residue in monthly payments of $100
each, according to 17 promissory notes. Hennessey &
Waters paid the liquor tax, taking a receipt in their own
name, carried on the business themselves, paid the rent,
and had paid Mr. Daily's claim, except $500. At the
expiration of the lease, in April, 1892, plaintiff was
unwilling to lease to Hennessey & Waters, probably
because of the mortgage existing upon the stock and
fixtures . A new lease, dated April 5, running for a year,
was executed to the defendant, the plaintiff consenting
that Hennessey & Waters might occupy the rooms and
carry on the business specified in the lease. They paid
the rent for 10 months, but failed to pay the eleventh

month's rent. Upon such failure, plaintiff brought suit to recover possession of the premises, and obtained judgment and possession shortly after the lease had expired. He then instituted this suit to recover the unpaid rent. The defendant sought to recoup damages for the reason that the plaintiff had closed an alley, whereby one access to the saloon was cut off, and certain windows closed, and the business was thereby injured. The court held that the defendant had no business to be injured, and therefore could not recover.

It appears that there was a verbal arrangement between defendant and Hennessey & Waters that after deducting the expenses of the business, and $15 per week each to Hennessey and Waters, the residue of the receipts was to be paid to defendant, to apply on the purchase price. Daily had no other interest in the profits or in the business. His security was ample, but he failed to renew his chattel mortgage, whereby he lost his lien by the execution of a second mortgage to another creditor.

The relation existing between defendant and Hennessey & Waters was not that of principal and agent, but solely that of vendor and vendee, in which the vendor was paid one-half the purchase price in cash, transferred the title to all the goods, fixtures, and business, and took security for the payment of the residue of the purchase price. The instruction of the circuit judge was correct.

Judgment affirmed.

The other Justices concurred.